1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  DOUGLAS JAY,                                   CASE NO. C11-1851 MJP

11                          Petitioner,             ORDER ON EMERGENCY
                                                    APPLICATION FOR ORDER OF
12          v.                                      RELEASE

13  UNITED STATES OF AMERICA,

14                          Respondent.

15

16          The Court, having received and reviewed:

17          1.  Plaintiff's Emergency Application for Order of Release Pending Consideration of

18              Habeas Petition (Dkt. No. 3)

19          2.  Government's Opposition to Petitioner's Emergency Application for Order of

20              Release (Dkt. No. 7)

21          3.  Petitioner's Reply to Government's Opposition to Petitioner's Emergency

22              Application for Order of Release (Dkt. No. 8)

23  and all attached declarations and exhibits, makes the following ruling:

24          IT IS ORDERED that Petitioner's application is DENIED.

ORDER ON EMERGENCY APPLICATION FOR
ORDER OF RELEASE- 1

1     **Background**

2          Petitioner was sentenced by this Court on April 1, 2011, following his guilty plea to

3     Count One of an information charging him with engaging in a fraudulent scheme to substitute

4     lower quality coho salmon for higher quality Chinook salmon.  CR10-262MJP, Dkt. No. 24.

5     This Court imposed a term of incarceration of twelve months and one day.  Id.  Mr. Jay

6     petitioned this Court to delay his reporting date to October 17, 2011.  Over the Government's

7     reservations, this Court granted the request, extended his reporting date, and modified his

8     Appearance Bond in accordance with the government's requested financial conditions.  Id., Dkt.

9     No. 27.

10         On October 7, 2011, Petitioner filed a second motion seeking a further delay of his

11    reporting date (Id., Dkt. No. 30) on the grounds that he had retained new counsel and was

12    preparing a § 2255 motion to vacate, set aside or modify his sentence.  That motion was denied

13    on October 14, 2011 (Id., Dkt. No. 32), and Petitioner reported to the Bureau of Prisons on

14    October 17, 2011.

15    **Discussion**

16         Petitioner has indeed filed a § 2255 motion seeking to vacate his sentence on the grounds

17    that he was denied effective assistance of counsel.  He contends that his prior counsel's failure

18    resulted in this Court calculating the advisory guideline based on an inflated value for the fish

19    which he sold and thus imposing an unfair sentence.  Dkt. No. 1.

20         Petitioner initially sought release pursuant to the Bail Reform Act, 18 U.S.C. § 3143(b)

21    and Federal Rules of Appellate Procedure (FRAP) 9 and 23. Dkt. No. 3, Mtn, p. 1.  The Bail

22    Reform Act does not apply to federal prisoners seeking post-conviction relief.  U.S. v. Mett, 41

23    F.3d 1281, 1282 (9th Cir. 1995).  The Ninth Circuit also made clear in that case that "… Fed. R.

24

ORDER ON EMERGENCY APPLICATION FOR
ORDER OF RELEASE- 2

1   App. P. 23 governs the issue of the release or detention of a prisoner, state or federal, who is

2   collaterally attacking his or her criminal conviction. 9th Cir. R. 23-1.  In the habeas context, this

3   court has reserved bail for 'extraordinary cases involving special circumstances or a high

4   probability of success.'" Id. (citations omitted).

5          Examining Petitioner's case through the lens of FRAP 23 and Mett, the Court concludes

6   that his matter offers neither special circumstances nor a high probability of success.

7   Exceptional circumstances may exist where (1) petitioner's health is seriously deteriorating

8   while incarcerated, (2) there is an extraordinary delay in processing a petition and (3) petitioner's

9   sentence would be completed before meaningful collateral review could be undertaken. Mett, 41

10  F.3d at 1282; Boyer v. City of Orlando, 402 F.2d 966 (5th Cir. 1968).  Petitioner argues that he

11  qualifies under the third element – that his sentence will likely be completed before his petition is

12  resolved on its merits.  Petitioner cites no statistics on case resolution to support his claim, and

13  the Court is of the contrary opinion – that this matter will in fact be concluded prior to the

14  expiration of Petitioner's incarceration.[1]

15         On the issue of whether the petition has a "high probability of success," the Court has no

16  opinion on the merits of Petitioner's ineffective assistance claim.  Assuming *arguendo* that he

17  were to prevail on that claim, the Court is of the opinion that even success on the merits of his

18  claims would not result in a reduction in Petitioner's sentence.  As the Government has

19  demonstrated, even if Petitioner were to succeed in demonstrating that the value of the fish was

20  one-half of the figure utilized in calculating his sentence, it would at most reduce him to a 14-

21  level enhancement and a corresponding total adjusted offense level of 19.  This would yield an

22  _____

23         [1]  In any event, Petitioner merely seeks to have his sentence reduced, not vacated.  As will become
    apparent in the "probability of success" analysis, the Court is of the opinion that even if he were to prevail on the
    merits of his ineffective assistance claim, the probability of that determination resulting in a lower sentence is itself
24  extremely low.

1   advisory guideline range of 30 to 37 months, still considerably in excess of the sentence which

2   the Court originally imposed.

3          Again, even assuming that Petitioner could establish the unconstitutional deficiency of

4   his prior counsel's performance, he must establish prejudice arising from that deficiency; i.e.,

5   that "there is a reasonable probability" that "but for counsel's unprofessional errors, the result of

6   the proceeding would be different." <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984).   The

7   Court does not find that Petitioner's legal theory carries a reasonable probability of producing a

8   different result than he has already achieved.   On that basis, the Court is neither compelled nor

9   inclined to grant his request for release pending resolution of § 2255 motion.

10          Petitioner's application for an order of release pending consideration of his habeas

11   petition is DENIED.

12

13          The clerk is ordered to provide copies of this order to all counsel.

14          Dated November 21, 2011.

15

16

17                                          Marsha J. Pechman
                                            United States District Judge
18

19

20

21

22

23

24

ORDER ON EMERGENCY APPLICATION FOR
ORDER OF RELEASE- 4