# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

DOUGLAS JAY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C11-1851 MJP

ORDER ON MOTION FOR EXPEDITED REVIEW

The Court, having received and reviewed:

1. Petitioner's Motion to Expedite Consideration of Habeas Petition (Dkt. No. 10)
2. Government Response to Petitioner's Motion to Expedite (Dkt. No. 11)
3. Petitioner's Reply to Response to Motion to Expedite (Dkt. No. 12)

and all accompanying documents, enters the following ruling:

IT IS ORDERED that the motion is DENIED.

ORDER ON MOTION FOR EXPEDITED
REVIEW- 1

**Background**

Petitioner was sentenced by this Court on April 1, 2011, following his guilty plea to Count One of an information charging him with engaging in a fraudulent scheme to substitute lower quality coho salmon for higher quality Chinook salmon. CR10-262MJP, Dkt. No. 24. This Court imposed a term of incarceration of twelve months and one day. Id. Mr. Jay petitioned this Court to delay his reporting date to October 17, 2011. Over the Government's reservations, this Court granted the request, extended his reporting date, and modified his Appearance Bond in accordance with the government's requested financial conditions. Id., Dkt. No. 27.

On October 7, 2011, Petitioner filed a second motion seeking a further delay of his reporting date (Id., Dkt. No. 30) on the grounds that he had retained new counsel and was preparing a § 2255 motion to vacate, set aside or modify his sentence. That motion was denied on October 14, 2011 (Id., Dkt. No. 32), and Petitioner reported to the Bureau of Prisons on October 17, 2011.

On November 21, 2011, the Court denied a motion by Petitioner for emergency release pending review of this habeas petition. Dkt. No. 9. In that order, the Court stated: "Assuming *arguendo* that he were to prevail on that claim [*that the value of the fish was overestimated*], the Court is of the opinion that even success on the merits of his claims would not result in a reduction in Petitioner's sentence." Id. at 3.

**Discussion**

Petitioner has filed a § 2255 motion seeking to vacate his sentence on the grounds that he was denied effective assistance of counsel. He contends that his prior counsel's failure resulted in this Court calculating the advisory guideline based on an inflated value for the fish which he sold and thus imposing an unfair sentence. Dkt. No. 1. Petitioner is attempting to expedite the

review of his habeas petition on the grounds that he is likely to be re-sentenced to a reduced period of incarceration which will result in a time-served sentence.

Petitioner's legal position is based solely on the equities of his case – he cites no case law which supports his argument that he is entitled to an accelerated consideration of his petition, but simply contends that it would be unfair for him to be vindicated on his habeas petition only to have him serve a sentence far in excess (based on his legal theory) of the sentence which a recalculated damages estimate would dictate.

Petitioner cites to a similar case over which Judge Coughenour of this District presided. In a false-labeling case where the net profit to the defendant was estimated at between $187,000 and $230,000, the defendant received a 30-day sentence. U.S. v. Steele, C08-376JCC. Petitioner argues on this basis that his sentence of 12 months and a day is excessive given the true value of the fish and an accurate measurement of damages. However, the Court notes that Petitioner (*and the Government*) cited to this case in their original sentencing memoranda; i.e., the Court was well aware of this case at the time Petitioner received his sentence. It did not alter the Court's determination of an appropriate sentence for Petitioner then, and it does not alter the Court's determination now.

The other argument Petitioner makes is that the reduced value of the estimated loss results in a lower guideline range (from 37-46 months to 30-37 months). The Government argues that the sentence Petitioner received is so far below even the reduced guideline range that this is a meaningless fact. The Court agrees.

The Court restates its previous position: even if Petitioner were to prevail on his habeas claim that the value of the fish was overestimated, the Court would not be inclined to reduce the sentence which was originally imposed. On that basis, success on the merits of his petition

1 would not alter Petitioner's position and there is no reason to expedite consideration of this

2 matter. The motion is therefore DENIED.

4   The clerk is ordered to provide copies of this order to all counsel.

5   Dated this <u>30th</u> day of January, 2012.

_____
Marsha J. Pechman
United States District Judge