UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS JAY, | CASE NO. C11-1851 MJP |
| Petitioner, | ORDER RE: WAIVER OF ATTORNEY-CLIENT PRIVILEGE |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

The Court, having received and reviewed the Government's Motion re: Waiver of Attorney-Client Privilege (Dkt. No. 15) and Petitioner's response thereto (Dkt. No. 16), makes the following finding:

Petitioner Douglas Jay, by filing a petition pursuant to 28 U.S. C. § 2255 in which he alleged his former counsel rendered ineffective assistance by failing to (1) obtain and review "all the necessary documents in the Government's possession concerning [Petitioner's] financial records;" (2) hire an expert to refute the Government's claims of loss; and (3) adequately investigate or prepare for sentencing, has waived his attorney-client privilege for the purpose of litigating these specific issues.  Therefore,

1       IT IS ORDERED that Petitioner's former counsel, Michael Nance, is authorized to
2 provide information concerning his verbal and written communications with the Petitioner,
3 including otherwise privileged legal communications, relating to Petitioner's allegations that his
4 former counsel rendered ineffective assistance by failing to (1) obtain and review "all the
5 necessary documents in the Government's possession concerning [Petitioner's] financial
6 records;" (2) hire an expert to refute the Government's claims of loss; and (3) adequately
7 investigate or prepare for sentencing, has waived his attorney-client privilege for the purpose of
8 litigating these specific issues.  Mr. Nance is further authorized to provide to the Government
9 any documents and records relating to his communications with petitioner provided those
10 communications relate specifically to Petitioner's allegations.
11       IT IS FURTHER ORDERED that any information obtained from Mr. Nance shall be
12 used exclusively for the purpose of litigating Petitioner's allegations in this action and shall not
13 be admissible against Petitioner in any other proceeding, absent further order form this Court.

15       The clerk is ordered to provide copies of this order to all counsel.
16       Dated this 2nd day of March, 2012.

*[signature]*

Marsha J. Pechman
United States District Judge

ORDER RE: WAIVER OF ATTORNEY-CLIENT
PRIVILEGE- 2